IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MAK DEVELOPMENT LLC, A Nebraska Limited Liability Company; and MICHAEL CORRADO, An Individual; <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LINCOLN, NEBRASKA, a Nebraska municipal corporation; <br><br> Defendant. | 4:24CV3069 <br><br><br> **MEMORANDUM AND ORDER** |

Before the Court is Defendant's Motion to Stay Proceedings. Filing No. 24. Defendant seeks an order staying the proceedings in this Court until the administrative proceedings are concluded by the U.S. Department of Housing and Urban Development ("HUD"). Also before the Court is Defendant's Motion for Leave to file Supplemental Brief in Support of City's Motion to Stay. Filing No. 33. For the reasons set forth herein, the Court will grant in part and deny in part Defendant's motion to stay proceedings. Filing No. 24. Because the Court finds there was sufficient information set forth in the original briefing on the motion to stay, the Court denies Defendant's request to file supplemental briefing. Filing No. 33.

## BACKGROUND

Plaintiffs own and operate residences which provide housing for individuals recovering from substance abuse disorders. Filing No. 19. One of Plaintiffs' residences, located at 2648 Washington in Lincoln, Nebraska, is the subject of the present lawsuit ("the Residence"). *Id.*

On March 13, 2024, HUD accepted two complaints against Defendant concerning the Residence ("HUD Complaints")[1]. Filing Nos. 26-2, 26-7. The HUD Complaints alleged violations of the Fair Housing Act of 1968, as amended by the Fair Housing Amendment Act of 1988 ("FHA") based on disability discrimination. *Id*. On April 1, 2024, notice was received indicating these complaints would be investigated by HUD. Filing Nos. 26-3, 26-8. Thereafter, on June 25, 2024, HUD requested a list of information from Defendant to allow HUD to complete its investigation. Filing No. 26-5.

On April 11, 2024, Plaintiffs filed the Complaint in the above-captioned case. Filing No. 1. Plaintiffs filed an Amended Complaint on May 23, 2024. Filing No. 19. Plaintiff's current allegations against Defendant arise from the FHA as well as the Americans with Disabilities Act ("ADA"). In short, both the above-captioned case and the HUD Complaints relate to the Defendant's alleged refusal to: (1) allow the Residence to operate due to zoning requirements of the relevant area and (2) allow reasonable accommodation(s) to the zoning requirements which would allow the Residence to continue to operate.

## ANALYSIS

It is well-established that a trial court has the inherent power to stay proceedings to control its docket, to conserve judicial resources, and to ensure

---

[1] The Court notes there is a dispute among the parties as to when Plaintiffs filed their charge of discrimination with HUD. The Court does not find the timing of Plaintiffs' filing with HUD dispositive to the issues at hand when the evidence before the Court indicates HUD has moved forward with investigating the HUD Complaints.

that each matter is handled "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Kansas City S. Ry. Co. v. U.S.*, 282 U.S. 760, 763-64 (1931); *see also Buc-ee's Ltd. V. Bucks, Inc.*, 2018 WL 443320 at *3 (D. Neb. Jan. 16, 2018) (internal citations omitted). The decision to stay proceedings involves an "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis* at 254–255; *see also Prism Techs, LLC v. U.S. Cellular Corp.*, 2015 WL 13215454, at *1 (D. Neb. Sept. 29, 2015). It is a "settled proposition that a court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of a case are determined." *Mendoza v. United States Immigration*, 2013 WL 12123539, at *2 (D. Neb. May 29, 2013) (quotation omitted).

"In determining whether staying a case is appropriate, the court will consider factors such as the economy of judicial resources and balancing the potential prejudice, hardship, and inequity to the parties." *Doe v. University of Nebraska*, 2020 WL 5057767 (D. Neb. Aug. 27, 2020) (quotation omitted). It is the party requesting a stay who bears the burden of demonstrating a good cause for the stay. *Doe*, 2020 WL 5057767 at *1. (citation omitted). The party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis,* 299 U.S. at 255. "Ultimately, the decision granting or denying a stay calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Doe*, 2020 WL 5057767 at *1.

Defendant requests a stay until the pending administrative proceedings have been fully concluded by HUD. Defendant argues that, absent such stay, it would be subject to undue hardship and cost because it would be required to participate in duplicative proceedings. Defendant further argues a stay would not cause Plaintiffs undue hardship or inequity because the present lawsuit is in its early stages.

Conversely, Plaintiffs argue they will be prejudiced by a stay because "HUD has not communicated whether or not it plans to proceed with the investigation" and, as such, a stay in this case would only result in a delay in the present proceeding and their requested relief, namely the Residence being used for its intended purpose. Plaintiff additionally argues that any prejudice to Defendant is overstated when the discovery conducted during the HUD investigation could be used in the current litigation.

I. **HUD Complaint Process**

The Fair Housing Act ("FHA") provides:

> Upon the filing of such a complaint
>
> . . .
>
> (iv) the Secretary [of HUD] shall make an investigation of the alleged discriminatory housing practice and complete such investigation within 100 days after the filing of the complaint (or, when the Secretary takes further action under subsection (f)(2) with respect to a complaint, within 100 days after the commencement of such further action), unless it is impracticable to do so.

42 U.S.C. § 3610(a)(1)(B)(iv). The FHA also provides:

> If the Secretary [of HUD] is unable to complete the investigation within 100 days after the filing of the complaint (or, when the Secretary takes further action under subsection (f)(2) with respect to a complaint, within 100 days after the commencement of such further action), the Secretary shall notify the complainant and respondent in writing of the reasons for not doing so.

42 U.S.C. § 3610(a)(1)(C). The FHA sets forth the manner in which the HUD Secretary can impose remedies for any FHA violation in response to a complaint filed pursuant to 42 U.S.C. § 3610. *See* 42 U.S.C. § 3612.

The HUD Complaints accepted by HUD on March 13, 2024 were dated March 11, 2024. Filing Nos. 26-2, 26-7. As pointed out by Defendant, this would

put the 100-day deadline referenced above on or about June 19, 2024. Neither party has indicated that they have received an indication that the investigation regarding the HUD Complaints has been completed or an explicit notification that the investigation would last longer than 100-days.

Despite the lack of explicit notice, the evidence before the Court indicates Defendant received a June 25, 2024 request from HUD for nine categories of information relevant to the HUD Complaints. Filing No. 26-5. The deadline to provide this information, which was set forth in this request to Defendant, was July 7, 2024. *Id.* The June 25, 2024 letter indicates that the information requested from Defendant was "[i]n order to complete its investigation." *Id.* At the very least, it can be inferred that HUD required the receipt of this information prior to completing its investigation. One hundred days after July 7, 2024 is October 15, 2024.[2] There is no evidence before the Court that the HUD Complaints have been resolved or withdrawn at this time.

## II. Competing Interests

As outlined above, as the moving party, it is Defendant's burden to establish good cause for the stay. Based on the information now before it, the Court finds Defendant has demonstrated a specific hardship or inequity that would result if the undersigned required the above-captioned matter to proceed. Namely, because an answer is on file, absent a stay of this case, the Court would proceed with issuing a case progression order, setting forth various case deadlines. The parties would then, presumably, begin to engage in discovery to meet such deadlines. This duplicitous defense and discovery process is problematic when, by statute, the HUD Secretary could impose remedies for any FHA violation alleged in the

---

[2] Defendant has also indicated in their briefing that HUD requested, on July 30, 2024 an interview from Defendant.

HUD Complaints, the allegations of which are nearly identical to that pending before the Court.

Though Plaintiffs seem to imply in their briefing that HUD will ultimately dismiss their complaints, that statement seems premature and baseless when HUD has specifically requested Defendant provide it with a variety of information relevant to the complaints. Should the HUD Complaints be dismissed, the above-captioned case can proceed and the parties can – as Plaintiffs point out – use the discovery in the HUD investigation for purposes of expediting discovery in the above-captioned matter. While Plaintiffs argue a stay would delay the ultimate outcome of this case, including obtaining relief for ongoing damages they are allegedly incurring, the stay will not prevent them from eventually obtaining a legal determination. Accordingly, at this early stage in the proceeding, a stay appears to only affect the progression of discovery and the timing of the ultimate disposition of this matter. Therefore, the Court will stay this case pending further order of the Court.

The parties will be ordered to provide the undersigned with a written status update every thirty days, with the first status update to occur on November 6, 2024. In each status update, the parties should advise the Court as to the actions, to their knowledge, HUD has performed regarding their investigation or disposition of the HUD Complaints, as well as the actions performed by either party – or any nonparty – regarding the HUD Complaints so the undersigned may assess the propriety of any continued stay of the above-captioned matter.

Accordingly,

IT IS SO ORDERED.

1. Defendant's Motion to Stay, Filing No. 24, is granted in part and denied in part as set forth herein. The above-captioned matter is stayed pending further order of the Court.

2. The parties are to jointly provide a status update, as provided herein, by November 6, 2024 and every thirty days thereafter.
3. Defendant's Motion for Leave to file Supplemental Brief in Support of City's Motion to Stay is denied. Filing No. 33.

Dated this 7th day of October, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge